## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

ASCO POWER TECHNOLOGIES, L.P. )
)
Plaintiff, )
)
vs. )
)
PEPCO TECHNOLOGIES, L.L.C., )
BRADLEY JOHNSON, )
MARK BAIRD, ET AL., )
)
Defendants. )

**RECEIVED**

MAY 0 7 2003

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

03 cv 1942 (WHW)

**FILED**

MAY 7 2003

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

### ANSWER OF DEFENDANTS PEPCO TECHNOLOGIES, L.L.C., BRADLEY JOHNSON AND MARK BAIRD

Defendants PEPCO Technologies, L.L.C. ("PEPCO"), Bradley Johnson ("Johnson"), and Mark Baird ("Baird"), collectively ("Defendants"), by and through counsel, respond to the Complaint filed by Plaintiff ASCO Power Technologies, L.P. ("ASCO") as follows:

### FIRST DEFENSE

Plaintiff's Complaint is barred in whole or in part for lack of personal jurisdiction in that, Defendants PEPCO, Johnson and Baird are nonresidents of the State of New Jersey, and do not have sufficient minimum contacts with New Jersey to give this District Court jurisdiction over the Defendants.

## SECOND DEFENSE

Plaintiff's Complaint is barred in whole or in part in that Defendants Johnson and Baird were not properly served with process; thus the Complaint fails due to insufficiency of process and insufficiency of service of process upon Johnson and Baird.

## THIRD DEFENSE

Plaintiff's Complaint is barred in whole or in part because Defendant Baird was improperly joined in this suit.

## FOURTH DEFENSE

Plaintiff's Complaint is barred in whole or in part in that this District Court is an inconvenient and improper venue for the Defendants and witnesses.

## FIFTH DEFENSE

Plaintiff's Complaint is barred in whole or in part because it fails to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Plaintiff's Complaint is barred in whole or in part under the doctrine of equitable estoppel.

## SEVENTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of assumption of risk.

DC #142088 v1

## SEVENTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's comparative or contributory negligence.

## EIGHTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because Plaintiff's damages, if any, were caused by the conduct or negligence of others over whom Defendants had no control.

## NINTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, because the Plaintiff failed to exercise reasonable diligence in mitigating the damages allegedly sustained.

## ELEVENTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of laches.

## TWELFTH DEFENSE

Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the relevant statute of limitations.

DC #142088 v1

Defendants admit, deny and/or otherwise answer the separately numbered paragraphs of the Complaint as follows:

## FIRST COUNT

1. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations, as drafted, contained in Paragraph 3 of the Complaint.

4. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore deny the same.

5. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 5 and therefore deny the same.

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7; the allegations contained in Paragraph 7 reference an agreement which, to the extent one exists, speaks for itself.

8. Defendants deny the allegations, as drafted, contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10; allegations reference a purchase order, which to the extent it exists, speaks for itself.

11. Defendants deny the allegations contained in Paragraph 11; allegations reference a purchase order, which, to the extent is exists, speaks for itself.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 14 and therefore deny the same.

15. Defendants deny the allegations contained in Paragraph 15.

4

16. Defendants deny the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Complaint are legal conclusions, for which no answer is due. As to all other allegations contained in Paragraph 17, those allegations are denied. Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the First Count of Plaintiff's Complaint.

## SECOND COUNT

1. Defendants hereby incorporate by reference their response to the allegations set forth in the First Count of this Complaint as if the same was set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2, Second Count of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3, Second Count of the Complaint.

4. The allegations contained in Paragraph 4, Second Count of the Complaint are legal conclusions, for which no answer is due. As to all other allegations contained in Paragraph 4, Second Count of the Complaint, those allegations are denied. Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Second Count of Plaintiff's complaint.

## THIRD COUNT

1. Defendants hereby repeat and incorporate by reference its responses to each allegation set forth in the first two counts of Plaintiff's Complaint as though the same were set forth at length herein.

2. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 2, Third Count of the Complaint, and therefore, deny the same.

3. Defendants deny the allegations in Paragraph 3, Third Court of the Complaint.

4. Defendants deny the allegations in Paragraph 4, Third Court of the Complaint as drafted.

5

5. Defendants deny the allegations in Paragraph 5. Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Third Count of Plaintiff's Complaint.

## FOURTH COUNT

1. Defendants repeat and incorporate by reference its responses to each allegation set forth in the first three counts of Plaintiff's Complaint as though the same were set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2, Fourth Count of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3, Fourth Count of the Complaint.

4. The allegations contained in Paragraph 4, Fourth Count of the Complaint are legal conclusions for which no answer is due. As to any other allegations, those allegations are denied. Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Fourth Count of Plaintiff's Complaint.

## FIFTH COUNT

1. Defendants repeat and incorporate by reference its responses to each allegation set forth in the first four counts of Plaintiff's Complaint as though the same were set forth at length herein.

2. Defendants deny the allegations contained in Paragraph 2, Fifth Count of the Complaint.

3. The allegations contained in Paragraph 3, Fifth Count of the Complaint are legal conclusions for which no answer is due. As to any other allegations, those allegations are denied.

6

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause of the Fifth Count of Plaintiff's Complaint.

## SIXTH COUNT

1. Defendants repeat and incorporate by reference its responses to each allegation set forth in the first five counts of Plaintiff's Complaint as though the same were set forth at length herein.

2. Defendants lack sufficient information to admit or deny the allegations in Paragraph 2, Sixth Count of the Complaint, and therefore, deny the same.

3. Defendants deny the allegations of Paragraph 3, Sixth Count of the Complaint as drafted.

4. Defendants deny the allegations contained in Paragraph 4, Sixth Count of the Complaint, and in as much as these allegations are legal conclusions, no answer is due. Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause in the Sixth Count of Plaintiff's Complaint.

WHEREFORE, Defendants request that the Complaint be dismissed with prejudice and that all costs be assessed against the Plaintiff.

Date: May 7, 2003                    Respectfully submitted,

*[signature]*

Julie L. Friedberg (JF 6932)
Thelen Reid & Priest LLP
65 Madison Ave. Suite 100
Morristown, NJ 07960
Counsel for PEPCO Technologies, L.L.C., Bradley Johnson, and Mark Baird

**RECEIVED**

MAY 0 7 2003

AT 8:30_____M
WILLIAM T. WALSH
CLERK

03cv1942 (LHW)

| | |
|---|---|
| ASCO POWER TECHNOLOGIES, L.P. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| PEPCO TECHNOLOGIES, L.L.C., BRADLEY ) | |
| JOHNSON, MARK BAIRD, ET AL., ) | |
| ) | |
| Defendant. ) | |

**Julie L. Friedberg**, being of full age, hereby certifies:

1. I am associated with the firm of Thelen Reid & Priest LLP, 65 Madison Avenue, Morristown, New Jersey 07960, attorney for Pepco Technologies, L.L.C., Bradley Johnson and Mark Baird.

2. On this 7th day of May, 2003, I caused to be served, via first-class U.S. mail, a copy of the Answer of Defendants Pepco Technologies, L.L.C., Bradley Johnson and Mark Baird upon the following:

> Joseph Di Rienzo
> Dirienzo & Dirienzo
> 116 St. Paul Street
> Westfield, NJ 07090

3. I hereby certify that the foregoing statements made by me are true. I am award that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 7, 2003

THELEN, REID & PRIEST LLP

By: _____
Julie L. Friedberg (JF 6932)
65 Madison Avenue
Morristown, NJ 07960
(973) 644-3400

*Attorney for Defendants
Pepco Technologies, L.L.C.,
Bradley Johnson and Mark Baird*

NY #531409 v1